1   SEYFARTH SHAW LLP
    Catherine M. Dacre (SBN 141988)
2   cdacre@seyfarth.com
    560 Mission Street, 31st Floor
3   San Francisco, CA  94105-2930
    Telephone:     (415) 397-2823
4   Facsimile:     (415) 397-8549

5   SEYFARTH SHAW LLP
    Michael W. Kopp (SBN 206385)
6   mkopp@seyfarth.com
    400 Capitol Mall, Suite 2350
7   Sacramento, California 95814-4428
    Telephone:     (916) 448-0159
8   Facsimile:     (916) 558-4839

9   Attorneys for Defendant
    COLE HAAN COMPANY STORE, LLC,
10  erroneously sued herein as "Cole Haan, LLC"

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13

14  | ALEX CHIN, individually, and on behalf of other | Case No. |
    | members of the general public similarly situated, | |
15  | | **DEFENDANT'S NOTICE OF REMOVAL** |
    | Plaintiffs, | **OF CLASS ACTION** |
16  | | |
    | v. | |
17  | | |
    | COLE HAAN, LLC, an unknown business entity; | Complaint Filed:  3/4/16 |
18  | and DOES 1 through 100 inclusive, | |
19  | | |
    | Defendant. | |
20

21       TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

22  CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

23          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Cole

24  Haan Company Store LLC ("Defendant" or "Cole Haan") (incorrectly sued as "Cole Haan, LLC"),

25  hereby removes the above-captioned action from the Superior Court of the State of California for the

26  County of San Francisco to the United States District Court for the Northern District of California.  This

27  Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28

28  U.S.C. §1332(d)(2).

## I.   PROCEEDINGS IN STATE COURT

1.   On March 4, 2016, Plaintiff Alex Chin ("Plaintiff") filed a "Class Action Complaint for Damages" (the "Complaint"), on behalf of himself and all others similarly situated, in the Superior Court of California for the County of San Francisco, entitled *Alex Chin v. Cole Haan, LLC, et al.*, Case No. CGC 16-550794.  The Complaint alleges one cause of action for "violation of California Business & Professions Code §§ 17200, *et seq.*"  The summons, Complaint and other materials served on Defendant in this matter are attached as **Exhibit A**, and constitute all process, pleadings, and orders served to date in this action.  28 U.S.C. §§ 1446(a).

2.   Plaintiff brings this action on behalf of "[a]ll current and former hourly-paid or non-exempt individuals employed by any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment."  (Complaint ¶ 13.)

3.   On March 22, 2016, Defendant was served with the Summons and Complaint.

4.   On April 21, 2016, Defendant filed an Answer to the Complaint in the Superior Court, attached as **Exhibit B**.

## II.   TIMELINESS OF REMOVAL

5.   This Notice of Removal is timely filed as it is filed within thirty days of service upon Defendants.  28 U.S.C. §§ 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

## III.   JURISDICTION UNDER CAFA

6.   This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2).  As set forth below, this action is properly removable pursuant to §§ 1446 and 1453, because it is a purported class action with an amount in controversy exceeding $5,000,000 (exclusive of interests and costs), at least one putative class member is a citizen of a state different from Cole Haan, and the number of putative class members alleged by Plaintiff exceeds 100.

### A.   Requirement for Minimal Diversity for Removal under CAFA is Satisfied.

7.   CAFA requires that "any member of a class of plaintiffs is a citizen of a state different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

8.      For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### 1.      Plaintiff is a Citizen of California.

9.      For purposes of determining diversity, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l.*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

10.      The Complaint alleges Plaintiff "is an individual residing in the State of California." (Ex. A, Compl. ¶ 5.) Thus, Plaintiff is a citizen of California.

### 2.      Defendant Cole Haan is Not a Citizen of California.

11.      Limited liability companies are unincorporated associations for purposes of 28 U.S.C. § 1332. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.      For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See Davis v. HSBC Bank Nevada*, N.A., 557 F.3d 1026, 1032, n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes . . . .").

13.      Thus, to determine jurisdiction under CAFA, limited liability companies, such as Cole Haan Company Store, LLC, are treated the same as corporations in determining their principal places of business. *See e.g., Abrego v. Dow Chem. Co*., 443 F. 3d 676, 684 (9th Cir. 2006) (stating that CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship can be determined only by reference to all of the entity's members.") (citations and internal quotations omitted). To determine a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*,

26421341v.1

1    130 S. Ct. 1181, 1192, 78 U.S.L.W. 4153 (2010).  Under the "nerve center" test, the principal place of

2    business is the state where the "corporation's officers direct, control, and coordinate the corporation's

3    activities" and where the corporation maintains its headquarters.  *Id.*  Other relevant factors include

4    where corporate executives maintain their offices, where corporate policies and procedures are made,

5    and where primary corporate functions are based.  *Id.  See also, Ho v. Ikon Office Solutions, Inc.*, 143 F.

6    Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where corporation's

7    headquarters was located, where the corporate officers worked, and from where corporate policies and

8    procedures arose).  Thus, the "nerve center" is where "its executive and administrative functions are

9    performed."  *Industrial Tectonics, Inc., v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990)).

10           14.    Defendant Cole Haan Company Store, LLC is a limited liability corporation with its

11    principal place of business located at 150 Ocean Road, Greenland, New Hampshire.  This is where

12    Defendant's headquarters is located and where the senior leadership directs, controls, and coordinates all

13    corporate planning and strategies.  At all times since Plaintiff commenced this lawsuit, Cole Haan

14    Company Store, LLC was, and is, a limited liability company organized under the laws of the State of

15    Maine.  (Declaration of Elizabeth Komosa in Support of Notice of Removal ("Komosa Decl.") ¶ 3.)

16           15.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants

17    should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe*

18    *v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to

19    join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002).

20    Thus, the existence of Doe defendants one through one hundred, inclusive, does not deprive this Court

21    of jurisdiction.  *Albrego v. Dow Chemical Co.*, 443 F.3d at 679-80 (rule applied in CAFA removal).

22           16.    Thus, for purposes of determining diversity jurisdiction under CAFA, Cole Haan is a

23    citizen of New Hampshire and Maine.  Because Plaintiff is a citizen of California and Cole Haan is a

24    citizen of Maine and New Hampshire, minimal diversity under CAFA is satisfied. See 28 U.S.C. §

25    1332(c)(1); 1332(d)(2)(A).

26        **B.**      **The Putative Class Exceeds 100.**

27           17.    CAFA requires that the aggregated number of members of all classes proposed in a

28    complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B).

4

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

18.     The putative class here is defined as: "[a]ll current and former hourly-paid or non-exempt individuals employed by any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment."  (Complaint, ¶ 13.)

19.      There are approximately 873 current and former employees in the class alleged in the Complaint employed between March 4, 2012 and the present ("the Class"). ("Komosa Decl.") at ¶ 5.)

### C.     The Amount in Controversy Exceeds the Jurisdictional Limit.

20.     While Defendant specifically denies liability as to all of Plaintiff's claims, and specifically denies the appropriateness of the case proceeding as a class action, Defendant has a reasonable, good faith belief that the amount in controversy, as alleged and pled by Plaintiff, exceeds $5,000,000.  All calculations in support of the amount in controversy analysis are based on the allegations in Plaintiff's complaint and are not intended as an admission that any of those allegations have merit.

21.     In calculating the amount in controversy under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).

22.     In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. REP. 109-14, at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. REP. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . .  Overall, section 1332(d) was intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").  "[T]he Supreme Court left no doubt 'that no anti-removal presumption attends cases involving CAFA.'" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183

5

(9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)). This "declaration is bolstered by the Court's reference to Congress's 'overall intent ... to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" *Jordan 781 F.3d at 1183-84* (quoting S.Rep. No. 109-14, at 35, 2005 U.S.C.C.A.N. 3, 34) (emphasis added). *Dart Cherokee*, 135 S.Ct. at 551; see also id., quoting S.Rep. No. 109-14, p. 43 (2005) ("(CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

23.    As Plaintiff has not alleged particular damages, reasonable estimates of the alleged amount in controversy are appropriate.  As such, Courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint.  *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1149 (C.D. Cal. 2010), *aff'd* 631 F.3d 1010 (9th Cir. 2011) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate"); *Muniz v. Pilot Travel Centers LLC.*, Case No. S-07-0325, 2007 WL 1302504, * at 4 (E.D. Cal. May 1, 2007) ("Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate less than 100%).

24.    Moreover, a plaintiff cannot evade federal jurisdiction by alleging that the amount in controversy falls below the jurisdictional minimum.  *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013).

25.    **Unpaid Overtime.**  The Complaint seeks relief on behalf of all hourly-paid, non-exempt current and former employees who allegedly worked for Defendant  in California from March 4, 2012 to the present.  The Complaint alleges that  "[D]efendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked," and that "Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation."  (Complaint ¶ 38).  Under California law, if a non-exempt employee works more than eight hours in a day or over 40 hours in a week, the employee shall be paid at a rate of 1.5 times the

1  regular rate of pay.  Further, any "work in excess of 12 hours in one day shall be compensated at the rate

2  of no less than twice the regular rate of pay."  Cal. Labor Code § 510(a).  The statute of limitations for a

3  Section 17200 claim is four years.

4      26.    Plaintiff does not allege how much time he or the other employees he seeks to represent

5  spent performing overtime hours of work for which they were not compensated.  However, Plaintiff

6  alleges that "Defendants engaged in a <u>uniform policy</u> and <u>systematic scheme</u> of wage abuse against their

7  hourly-paid or non-exempt employees within the State of California.  This <u>scheme</u> involved, inter alia,

8  failing to pay them for all hours worked . . . ." (Compl. ¶ 25) (emphasis added).  Plaintiff further alleges,

9  "<u>[a]t all material times set forth herein</u>, Defendants failed to pay overtime wages to Plaintiff and the

10  other class members for all hours worked."  (Compl. ¶ 38) (emphasis added).

11      27.    Between March 4, 2012 and the present, Defendant employed at least 873 non-exempt

12  employees in California.  (Komosa Decl. ¶ 5.)  The aggregate number of workweeks during that time

13  period is approximately 43,303.  (*Id*.)  Assuming conservatively that Plaintiff is alleging one hour of

14  overtime per week, per putative class member, the alleged liability is **$870,390.30** on the unpaid

15  overtime claim ($13.40 (Plaintiff's hourly wage rate)[1] X 1.5 (overtime premium) X 43,303 (the total

16  number of workweeks)  = **$870,390.30**).

17      28.    **Unpaid Minimum Wages.**  The Complaint also seeks relief on behalf of all hourly-paid,

18  non-exempt current and former employees who allegedly worked for Defendant in California from

19  March 4, 2012 to the present and allegedly were not paid all minimum wages due.  The Complaint

20  alleges that "[D]efendants knew or should have known that Plaintiff and the other class members were

21  entitled to receive at least minimum wages for compensation and that they were not receiving at least

22  minimum wages for all hours worked."  (Complaint ¶ 31).  Plaintiff's Section 17200 claim based on a

23  minimum wage violation seeks recovery for four years.

24      29.    Plaintiff does not specify how much time he claims he or the other employees he seeks to

25  represent spent performing work for which they did not receive minimum wage.  However, Plaintiff

---

[1] Applying Plaintiff's hourly wage rate to the class represents a conservative estimate, as it does not include any commission earnings of the class, as alleged in the Complaint.  Including such commission payments would increase the average hourly regular rate of pay for purposes of calculating overtime liability.

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

26421341v.1

alleges that "Defendants engaged in a <u>uniform policy</u> and <u>systematic scheme</u> of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This <u>scheme</u> involved, inter alia, failing to pay them for all hours worked . . . ." (Compl. ¶ 25) (*emphasis added*)  Plaintiff further alleges, "[a]t all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked."  (Compl. ¶ 41) (*emphasis added*).  As noted above, during the class period from March 4, 2012 to the present, Defendant employed at least 873 non-exempt employees in California, and the aggregate number of workweeks during that time period is approximately 43,303.  (Komosa Decl. ¶ 5.)  Assuming conservatively that Plaintiff is alleging one hour of unpaid minimum wage per week, per putative class member, Defendant the alleged liability is **$779,454.00** on the unpaid minimum wage claim (applying an average minimum wage of $9.00 hour$^2$ X 43,303 workweeks X 2 (reflecting liquidated damages pursuant to Cal. Labor Code § 1194.2) = **$779,454.00**).

30.    **Meal and Rest Period Recovery**:  Plaintiff seeks recovery on behalf of himself and putative class members for alleged failure to provide rest periods and meal periods.  (Complaint, ¶¶ 28, 29, 40, 54-55.)  Labor Code section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."  Section 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."  Labor Code section 226.7 requires employers to pay an extra hour's pay to employees who are not provided a meal period, or authorized and permitted a rest period.

31.    Plaintiff's Complaint alleges that, "[a]t all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members."  (Complaint ¶ 40.)  Plaintiff further alleges that the failure to provide meal and rest periods was part of a "uniform policy and systematic scheme of wage abuse against [Defendants'] hourly-paid

---

$^2$ An average wage of $9.00 per hour was applied to reflect the changes in the California minimum wage during the class period.  From March 4, 2012 through June 30, 2014, the California state minimum wage was $8.00 per hour.  On July 1, 2014, the California state minimum wage increased to $9.00 per hour.  On January 1, 2016, the California state minimum wage increased to $10.00 per hour.

DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

26421341v.1

1    or non-exempt employees." (Complaint ¶ 25.)  Applying a four-year statute of limitations,[3] and

2    conservatively assuming each putative class member allegedly missed one meal period per work week

3    as part of this alleged "uniform policy and systemic scheme of wage abuse," the putative class meal

4    period potential damages from March 4, 2012 to present is calculated at **$580,260.20** ($13.40 (Plaintiff's

5    hourly wage rate) X 1 (1 hour meal period premium) X 43,303 (the total number of workweeks) =

6    **$580,260.20**).

7            32.     Likewise, assuming that each putative class member missed one rest period per

8    workweek, the putative class rest period potential alleged damages from March 4, 2012 to present would

9    also be approximately **$580,260.20** (($13.40 (Plaintiff's hourly wage rate) X 1 (1 hour rest break

10   premium) X 43,303 (the total number of workweeks) = **$580,260.20**).  Thus, a conservative estimate of

11   the amount in controversy on Plaintiff's meal and rest break claims alone is **$1,160,520.40**.  Indeed,

12   assuming a rate of violation <u>five times</u> greater than the rate Defendant has estimated here is permitted,

13   where the plaintiff has alleged violations stemming from an alleged uniform policy and the plaintiff has

14   not otherwise limited the alleged frequency of the violations.  *See Coleman v. Estes Express Lines, Inc.*,

15   730 F.Supp.2d 1141, 1149 (C.D. Cal. 2010) (reasonable to assume one missed meal period <u>per day per

16   class member</u> where complaint did not specify frequency); *see also Alvarez v. Ltd. Express, LLC*, No.

17   07CV1051 IEG (NLS), 2007 WL 2317125, at *3-4 (S.D. Cal. Aug. 8, 2007) (permitting defendant to

18   assume a 100% violation rate for meal and rest period violations where the complaint did not specify

19   frequency); *Oda v. Gucci Am., Inc*., No. 2:14-CV-07469-SVW, 2015 WL 93335, at *5 ( C D. Cal. Jan.

20   7, 2015) (finding Defendant's assumption of a 50 percent violation rate for meal periods and a 50

---

[3] Plaintiff seeks to recover meal and rest period premiums under his cause of action for alleged violation of Cal. Bus. & Prof. Code §§ 17200, et seq.  Defendant does not concede (1) that a claim for rest period premiums under Cal. Lab. Code 226.7 is properly stated as a § 17200 claim (*see, e.g., Kirby v. Immoos Fire Protection, Inc*., 53 Cal. 4th 1244 (2012) ["a section 226.7 claim is not an action brought for <u>nonpayment of wages</u>, it is an action brought for <u>non-provision of meal or rest breaks</u>"], nor (2) that Plaintiff may recover four years of rest break premiums under Section 17200 (*see, e.g., Murphy v. Kenneth Cole Productions, Inc*., 40 Cal. 4th 1094, 1102 (2007) [claim for meal and rest period premiums pled under Labor Code Section 226.7 subject to three year statute of limitations]).  Nonetheless, Plaintiff's claim seeks recovery of meal and rest period premiums exclusively under the four-year limitations period provided by Cal. Bus. & Prof. Code § 17208.  *See* Compl. ¶¶ 51-52 (seeking recovery under Section 17200); Compl. ¶ 13 (identifying a four-year limitations and class period). *See, e.g., Medrano v. Genco Supply Chain Solutions*, No. 1:10–cv–01555–LJO–SKO, 2011 WL 92016, *11 (E.D. Cal. 2011) (for purposes of removal a court "must deal with what has actually been pled").  A "removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

26421341v.1

percent violation rate for rest periods reasonable: "[i]n other words [defendant] assumes that each class member experienced 2.5 meal period violations in a 5–day work week and 2.5 rest period violations in the same time period.  On this basis, Gucci calculates the amount in controversy for Plaintiffs' meal and rest period claim as $2,357,346.").

33.    **Wage Statement Penalties (Labor Code § 226)**: Plaintiff also alleges that, "[a]t all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members."  (Complaint ¶ 44.)  Labor Code section 226(e) provides that, for violations based upon a knowing and intentional failure of an employer to comply with section 226(a), an employee may recover fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period.  However, Labor Code section 226(e) caps the aggregate penalties at $4,000 per person.  Plaintiff does not specify how many inaccurate wage statements he or the putative class members allegedly received. Accordingly, a 100% violation rate can properly be assumed for purposes of calculating the amount in controversy for Plaintiff's wage statement claim. *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149-50 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate.") There is a one-year statute of limitations on the recovery of Section 226 penalties. Cal. Code of Civil Proc. § 340. During the one year statute of limitations period for recovery of wage statement penalties, 389 putative class members worked approximately 5,378 pay periods.  (Komosa Decl. ¶¶ 9, 10.)  Thus, the amount in controversy for Plaintiff's claim for wage statement penalties is **$518,350.00**  [($50 for the initial pay period X 389 initial pay periods = $19,450) +($100 X 4,989 subsequent pay periods = $498,900) = **$518,350.00**].

34.    **Waiting Time Penalties**: Plaintiff further alleges that Defendant failed "at all material times" to timely pay Plaintiff and the other putative class members "all wages owed to them upon discharge or resignation."  (Complaint, ¶¶ 16(g), 16(n), 32, 42, 57).  Plaintiff seeks penalties for the alleged violations of Labor Code Sections 201 and 202.  (Complaint ¶¶ 1, 16(n), 48, 57).  Labor Code section 203(a) provides that, "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" from the date such

10

wages were due until the date paid.  However, Labor Code section 203(a) provides that such wages "shall not continue for more than 30 days."  The limitations period for recovery of penalties under Labor Code § 203 would be from March 4, 2013 (three years before the Complaint was filed) to the present. During that time period, there were approximately 628 terminated putative class members.  (Komoso Decl. ¶ 8).  Accordingly, although Defendant expressly disputes any liability, a reasonable estimate of the amount in controversy for Labor Code § 203 penalties is **$2,019,648.00** (628 putative class members terminated within limitations period X 13.40 (Plaintiff's hourly wage rate) X 8 hours X 30 = **$2,019,648.00**).

35.    Accordingly, even *without* taking into consideration Plaintiff's (1) claim for penalties for alleged "failure to keep complete or accurate payroll records in violation of California Labor Code section 1174(d)" (Complaint ¶ 60), (2) claim for penalties for "failure to "timely pay wages during employment in violation of California Labor Code section 204," (Complaint ¶ 58), (3) claim for "failure to reimburse all necessary business-related expenses and costs in violation of California Labor Code sections 2800 and 2802 (Complaint ¶ 61), the amount in controversy for Plaintiff's underlying claims exclusive of attorneys' fees is at least **$5,348,362.70**, exceeding the $5,000,000 statutory requirement, calculated as follows:

| | |
|---|---|
| **$870,390.30** | Unpaid Overtime Claim |
| **$779,454.00** | Unpaid Minimum Wage Claim |
| **$580,260.20** | Meal Period Claim |
| **$580,260.20** | Rest Period Claim |
| **$518,350.00** | Wage Statement Claim |
| **$2,019,648.00** | Claim for Waiting Time Penalties |

36.    **Attorneys' Fees.**  Plaintiff also seeks attorneys' fees.  (Complaint ¶ 65).  A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ("Attorneys' fees are properly included in the amount in controversy for purposes of evaluating diversity jurisdiction.") (citing *Guglielmino v. McKee Foods Corp.*, 696 F.3d 696, 700 (9th Cir. 2007)).

11

37.     In the class action context, Courts have found that 25% of the recovery is a benchmark for an attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *Powers v. Eichen*, 229 F.3d 1249, 1256-1257 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, No. C–06–05778 JCS, 2011 WL 1230826 at * 27-28 (N.D. Cal. Apr. 1, 2011) (ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486 at *6 (C.D. Cal. July 27, 2010) (attorneys' fees in the amount of 30% of the total gross settlement amount reasonable).  Even under the conservative benchmark of 25% of the total recovery, attorneys' fees alone would be approximately **$1,337,090.67** in this case.

38.     Although Defendant denies Plaintiff's allegation that he and the putative class are entitled to relief, based on Plaintiff's allegations and prayer for relief, the total amount in controversy exceeds **$6,685,453.37**, including attorneys' fees.  This amount far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

39.     Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

40.     To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

**IV.     <u>VENUE</u>**

41.     The action was filed in Superior Court for the State of California, County of San Francisco.  Venue therefore properly lies in the United State District Court for the Northern District of California pursuant to 28 U.S.C. Sections 84(c), 1391(a), and 1441(a).

26421341v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.   INTRADISTRICT ASSIGNMENT

42.     Pursuant to Local Rule 3-2(d), this action should be assigned to the San Francisco or Oakland division because Plaintiff alleges the claims arose in the City of San Francisco.  (Complaint ¶ 4.)

## VI.   NOTICE TO PLAINTIFF

43.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Francisco, as required under 28 U.S.C. § 1446(d).

44.     In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the Summons and Complaint are attached hereto.

WHEREFORE, Defendant prays that the above action pending before the Superior Court of the State of California for the County of San Francisco be removed to the United States District Court for the Northern District of California.

DATED: April 21, 2016                          Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/  Michael W. Kopp
          Catherin M. Dacre
          Michael W. Kopp
Attorneys for Defendant
COLE HAAN COMPANY STORE, LLC

**EXHIBIT A**

**EXHIBIT A**

## NATIONAL REGISTERED AGENTS, INC.
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  Debora Hayes
     COLE HAAN
     150 Ocean Rd
     Greenland, NH 03840-2408

SOP Transmittal #  528872376

213-337-4615 - Telephone

Entity Served:  COLE HAAN LLC  (Domestic State: DELAWARE) (Served as COLE HAAN, LLC, etc., et al., Dfts. Name discrepancy noted.)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 23 day of March, 2016. The following is a summary of the document(s) received:

1.  **Title of Action:**  ALEX CHIN, individually, and on behalf of other members of the general public similarly situated, Pltf. vs. COLE HAAN, LLC, etc., et al., Dfts.

2.  **Document(s) Served:**  Other: Summons/Complaint/Cover Sheet/Notice/Attachment(s)/Stipulation/Statement/Information Sheet

3.  **Court of Jurisdiction/Case Number:** San Francisco County - Superior Court - San Francisco, CA
    Case # CGC16550794

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

    _X_ Personally served by:       _X_ Process Server        ___ Deputy Sheriff        ___ U. S Marshall

    ___ Delivered Via:           ___ Certified Mail        ___ Regular Mail          ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:**   03/23/2016 02:27:00 PM CST

7.  **Appearance/Answer Date:**  Within 30 days after service (Document(s) may contain additional answer dates)

8.  **Received From:**  Edwin Aiwazian               9. **Federal Express Airbill #** 782664416213
                        LAWYERS for JUSTICE, PC
                        410 West Arden Avenue
                        Suite 203                    10. **Call Made to:** Not required
                        Glendale, CA 91203
                        818-265-1020

11.  **Special Comments:**
     SOP Papers with Transmittal, via Fed Ex 2 Day

**NATIONAL REGISTERED AGENTS, INC.**                CopiesTo:

RECEIVED

Transmitted by  Amanda Garcia

MAR 22 2016

BY: Deb

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COLE HAAN, LLC, an unknown business entity; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALEX CHIN, individually, and on behalf of other members of the general public similarly situated;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* CGC 16-550794

Superior Court of the State of California for the County of San Francisco
Civic Center Courthouse, 400 McAllister St., San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edwin Aiwazian; 410 Arden Ave.,  Suite 203, Glendale, California 91203; Tel. (818) 265-1025

| DATE:   MAR 0 4 2016   CLERK OF THE COURT | Clerk, by | GARY FELICIANO | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): COLE HAAN, LLC, an unknown business entity

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[X] other (specify): 415.95

4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

L A W Y E R S *for* J U S T I C E, PC
Edwin Aiwazian (SBN 232943)
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 0 4 2016

CLERK OF THE COURT
BY: _____
GARY FELICIANO
Deputy Clerk

FILED BY FAX

1
2
3
4
5
6
7
8     SUPERIOR COURT OF THE STATE OF CALIFORNIA
9       FOR THE COUNTY OF SAN FRANCISCO
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| ALEX CHIN, individually, and on behalf of other members of the general public similarly situated;<br><br>          Plaintiff,<br><br>     vs.<br><br>COLE HAAN, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. CGC 16-550794<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1)  Violation of California Business & Professions Code §§ 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COMES NOW, Plaintiff ALEX CHIN ("Plaintiff"), individually, and on behalf

2  of other members of the general public similarly situated, and alleges as follows:

3                           **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to the California Code of Civil

5  Procedure section 382.  The monetary damages and restitution sought by Plaintiff

6  exceeds the minimal jurisdiction limits of the Superior Court and will be established

7  according to proof at trial.  The "amount in controversy" for each named Plaintiff,

8  including claims for compensatory damages, restitution, penalties, wages, premium pay,

9  and pro rata share of attorneys' fees, is less than seventy-five thousand dollars

10  ($75,000).

11    2.    This Court has jurisdiction over this action pursuant to the California

12  Constitution, Article VI, Section 10, which grants the superior court "original

13  jurisdiction in all other causes" except those given by statute to other courts.  The

14  statutes under which this action is brought do not specify any other basis for

15  jurisdiction.

16    3.    This Court has jurisdiction over Defendant because, upon information and

17  belief, Defendant is a citizen of California, has sufficient minimum contacts in

18  California, or otherwise intentionally avails itself of the California market so as to

19  render the exercise of jurisdiction over them by the California courts consistent with

20  traditional notions of fair play and substantial justice.

21    4.    Venue is proper in this Court because, upon information and belief,

22  Defendant maintains offices, has agents, and/or transacts business in the State of

23  California, County of San Francisco.  The majority of acts and omissions alleged herein

24  relating to Plaintiffs and the other class members took place in the State of California,

25  including the County of San Francisco.

26  ///

27  ///

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

## PARTIES

5.     Plaintiff ALEX CHIN is an individual residing in the State of California.

6.     Defendant COLE HAAN, LLC, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of San Francisco.

7.     At all relevant times, Defendant COLE HAAN, LLC was the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

8.     At all times herein relevant, Defendants COLE HAAN, LLC, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.    Defendant COLE HAAN, LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.    Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

1  of Plaintiff and the other class members so as to make each of said defendants
2  employers and employers liable under the statutory provisions set forth herein.

### CLASS ACTION ALLEGATIONS

4      12.    Plaintiff brings this action on her own behalf and on behalf of all other
5  members of the general public similarly situated, and, thus, seeks class certification
6  under Code of Civil Procedure section 382.

7      13.    The proposed class is defined as follows:

8          All current and former hourly-paid or non-exempt individuals employed
9          by any of the Defendants within the State of California at any time during
10         the period from four years preceding the filing of this Complaint to final
11         judgment.

12         SUBCLASS A. All current and former hourly-paid or non-exempt
13         employees who worked for any of the Defendants within the State of
14         California at any time during the period from four years preceding the
15         filing of this Complaint to final judgment who earned commissions/non-
16         discretionary bonuses/non-discretionary performance pay which was not
17         used to calculate the regular rate of pay used to calculate the overtime rate
18         for the payment of overtime wages.

19     14.    Plaintiff reserves the right to establish subclasses as appropriate.

20     15.    The class is ascertainable and there is a well-defined community of
21 interest in the litigation:

22         a.    Numerosity: The class members are so numerous that joinder of all
23             class members is impracticable. The membership of the entire
24             class is unknown to Plaintiff at this time; however, the class is
25             estimated to be greater than fifty (50) individuals and the identity
26             of such membership is readily ascertainable by inspection of
27             Defendants' employment records.

28 ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

b.  <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.  <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

a.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.   Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

c.   Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.   Whether Defendants failed to use the commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members earned commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same pay period;

e.   Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

f.   Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

g.   Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

h.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

i.   Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

j.   Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

k.   Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

l.   Whether Defendants' conduct was willful or reckless;

m.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

n.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

o.   Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17.   At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of San Francisco.

18.   Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately November 2006 to approximately February 2013, in the State of California County of San Francisco.

19.   Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

7

20.    Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

21.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, inter alia, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

27.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to use the commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members earned commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same pay period.

///

8

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and the other class members.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

38.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

1   forty (40) hours per week without overtime compensation.

2       39.    At all material times set forth herein, Defendants failed to use the

3   commissions/non-discretionary bonuses/non-discretionary performance pay to calculate

4   the regular rate of pay used to calculate the overtime rate for the payment of overtime

5   wages where Plaintiffs and the other class members earned commissions/non-

6   discretionary bonuses/non-discretionary performance pay and overtime wages in the

7   same pay period.

8       40.    At all material times set forth herein, Defendants failed to provide the

9   requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

10      41.    At all material times set forth herein, Defendants failed to pay Plaintiff

11  and the other class members at least minimum wages for all hours worked.

12      42.    At all material times set forth herein, Defendants failed to pay Plaintiff

13  and the other class members all wages owed to them upon discharge or resignation.

14      43.    At all material times set forth herein, Defendants failed to pay Plaintiff

15  and the other class members all wages within any time permissible under California

16  law, including, inter alia, California Labor Code section 204.

17      44.    At all material times set forth herein, Defendants failed to provide

18  complete or accurate wage statements to Plaintiff and the other class members.

19      45.    At all material times set forth herein, Defendants failed to keep complete

20  or accurate payroll records for Plaintiff and the other class members.

21      46.    At all material times set forth herein, Defendants failed to reimburse

22  Plaintiff and the other class members for necessary business-related expenses and costs.

23      47.    At all material times set forth herein, Defendants failed to properly

24  compensate Plaintiff and the other class members pursuant to California law in order to

25  increase Defendants' profits.

26      48.    California Labor Code section 218 states that nothing in Article 1 of the

27  Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages

28  or penalty due to him [or her] under this article."

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## FIRST CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against COLE HAAN, LLC and DOES 1 through 100)

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.     Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendants' competitors.  Accordingly, Plaintiff and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

51.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

52.     A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202, and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800, and 2802.

///

///

12

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**Failure to Pay Overtime**

53.    Defendants' failure to pay overtime in violation of the Wage Orders and California Labor Code sections 510 and 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failing to Provide Meal Periods**

54.    Defendants' failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failure to Provide Rest Periods**

55.    Defendants' failure to provide legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failure to Pay Minimum Wages**

56.    Defendants' failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failure to Timely Pay Wages Upon Termination**

57.    Defendants' failure to timely pay wages upon termination in violation of California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failure to Timely Pay Wages During Employment**

58.    Defendants' failure to timely pay wages during employment in violation of California Labor Code section 204, as alleged above, constitutes unlawful and/or

13

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    unfair activity prohibited by California Business & Professions Code section

2    17200, et seq.

**Failure to Provide Compliant Wage Statements**

3

4        59.    Defendants' failure to provide compliant wage statements in violation of

5    California Labor Code section 226(a), as alleged above, constitutes unlawful and/or

6    unfair activity prohibited by California Business & Professions Code section

7    17200, et seq.

**Failure to Keep Complete or Accurate Payroll Records**

8

9        60.    Defendants' failure to keep complete or accurate payroll records in

10   violation of California Labor Code section 1174(d), as alleged above, constitutes

11   unlawful and/or unfair activity prohibited by California Business & Professions Code

12   section 17200, et seq.

**Failure to Reimburse Necessary Business Expenses**

13

14       61.    Defendants' failure to reimburse all necessary business-related expenses

15   and costs in violation of California Labor Code sections 2800 and 2802, as alleged

16   above, constitutes unlawful and/or unfair activity prohibited by California Business &

17   Professions Code section 17200, et seq.

18       62.    As a result of the herein described violations of California law,

19   Defendants unlawfully gained an unfair advantage over other businesses.

20       63.    Plaintiff and the other class members have been personally injured and

21   continue to be injured by Defendants' unlawful business acts and practices as alleged

22   herein, including, but not necessarily limited to, the loss of money and/or property.

23       64.    Pursuant to California Business & Professions Code section 17200, et

24   seq., Plaintiff and the other class members are entitled to restitution of the wages and

25   other monies wrongfully withheld and retained by Defendants pursuant to California

26   Labor Code sections 510 and 1198.

27       65.    Pursuant to California Business & Professions Code section 17200, et

28   seq., Plaintiff and the other class members are entitled to restitution of the wages

1   withheld and retained by Defendants during a period that commences from four years

2   preceding the filing of this Complaint; an award of attorneys' fees pursuant to

3   California Code of Civil Procedure section 1021.5 and other applicable laws; and an

4   award of costs.

5   ## DEMAND FOR JURY TRIAL

6       Plaintiff, individually, and on behalf of other members of the general public

7   similarly situated, requests a trial by jury.

8   ## PRAYER FOR RELIEF

9       WHEREFORE, Plaintiff, individually and on behalf of all other members of the

10  general public similarly situated, prays for relief and judgment against Defendants,

11  jointly and severally, as follows:

12  ### Class Certification

13  1.    That this action be certified as a class action;

14  2.    That Plaintiff be appointed as the representative of the Class;

15  3.    That counsel for Plaintiff be appointed as Class Counsel; and

16  4.    That Defendants provide to Class Counsel immediately the names and

17  most current/last known contact information (address, e-mail and telephone numbers)

18  of all class members.

19  ### As to the First Cause of Action

20  5.    That the Court decree, adjudge and decree that Defendants violated

21  California Business and Professions Code sections 17200, et seq. by failing to provide

22  Plaintiff and the other class members all overtime compensation due to them, failing to

23  provide all meal and rest periods to Plaintiff and the other class members, failing to pay

24  at least minimum wages to Plaintiff and the other class members, failing to pay

25  Plaintiff's and the other class members' wages timely as required by California Labor

26  Code section 201, 202 and 204 and by violating California Labor Code sections 226(a),

27  1174(d), 2800, and 2802.

28  ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

7.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

9.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

10.     For such other and further relief as the court may deem just and proper.

Dated: March 4, 2016              **LAWYERS *for* JUSTICE, PC**

                 By: _____
                     Edwin Aiwazian
                     *Attorneys for* Plaintiff

CM-010

FILED BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Edwin Aiwazian (State Bar no. 232943)
LAWYERS FOR JUSTICE, PC
410 Arden Avenue, Suite 203
Glendale, California 91203
TELEPHONE NO.: (818) 265-1020    FAX NO.: (818) 265-1021
ATTORNEY FOR *(Name):* Plaintiff Alex Chin

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

**FOR COURT USE ONLY**

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 0 4 2016

CLERK OF THE COURT
BY: GARY FELICIANO
Deputy Clerk

CASE NAME:
Chin vs. Cole Haan, LLC

CASE NUMBER: CGC-16-550794

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* 1
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 4, 2016
Edwin Aiwazian
_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CASE NUMBER: CGC-16-550794  ALEX CHIN VS. COLE HAAN, LLC, AN UNKNOWN BUSINE

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    **AUG-03-2016**

TIME:    **10:30AM**

PLACE:   **Department 610**
         **400 McAllister Street**
         **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

### Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name  and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | **DEPARTMENT 610** |

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party.  Waivers are available to those who qualify.   BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate.  Waivers of the administrative fee are available to those who qualify.  BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought.   The court appoints a pre-screened arbitrator who will issue an award.  There is no fee for this program.  www.sfsuperiorcourt.org

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy.  There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐   **Other ADR process (describe)** _____

2)   The parties agree that the ADR Process shall be completed by (date): _____

3)   Plaintiff(s) and Defendant(s) further agree as follows: _____

_____

_____                         _____
Name of Party Stipulating                                               Name of Party Stipulating

_____                         _____
Name of Party or Attorney Executing Stipulation             Name of Party or Attorney Executing Stipulation

_____                         _____
Signature of Party or Attorney                                      Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant            ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____                                          Dated: _____

☐   *Additional signature(s) attached*

ADR-2  03/15                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:　　　　　　　FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT <br> (Check one): ☐ UNLIMITED CASE ☐ LIMITED CASE <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:　　　　　　　　Time:　　　　　　　　Dept.:　　　　　Div.:　　　　　　Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                          f.   Fax number:
e.   E-mail address:                            g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation (if available).**
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have **agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a. [ ] Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: [ ] Yes [ ] No
    c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    [ ] Bankruptcy [ ] Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. [ ] There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        [ ] Additional cases are described in Attachment 13a.
    b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

**14. Bifurcation**
    [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
    action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    [ ] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. [ ] The party or parties have completed all discovery.
    b. [ ] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

    c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are
    anticipated *(specify):*

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev July 1, 2011]          **CASE MANAGEMENT STATEMENT**          Page 5 of 5



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

1) **At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set**: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment**: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

---

## Expedited Jury Trial Request
### *Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____       v: ___

_____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules*.

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT–010–INFO, New January 1, 2011*

# Early Settlement Program

Consider The Bar Association of San Francisco's

Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

Want a settlement option with less stress and cost than trial?

Want the skills of experienced panelists in arriving at a realistic, satisfying settlement?



Learn more about the Early Settlement Program—scan the QRCode or visit www.sfbar.org/adr/esp

## The Early Settlement Program:

- ► Helps you resolve cases **quickly** and **economically**
- ► Has been a trusted program for over **20 years**
- ► Boasts a **78% settlement** rate and **97% satisfaction rate**

## Early Settlement provides:

- ► Panels of experienced trial attorneys (all with at least **10 years of experience**)
- ► **Three free hours** of settlement conference time per case, including one hour of preparation time
- ► Panelists who are matched with the case's type of law
- ► **Low administrative fee** of $295/party, capped at $590 for parties represented by the same counsel

## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program (ESP)** is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: **www.sfbar.org/esp**

## Who are the Panelists?

They are experienced attorneys with at least **10 years** of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney, to pay for the cost of running this program. If you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

▶ **email esp@sfbar.org**

▶ **phone: 415-982-1600**

▶ **fax: 415-989-0381**

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.



FOR
OUTSTANDING
ADR SERVICES

Voted into the
Hall of Fame
In The Recorder's
"Best of" Poll

5 YEARS IN A ROW
2010 – 2014

# MEDIATION SERVICES



THE BAR ASSOCIATION OF
SAN FRANCISCO

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*



PROCEDURES, PODCASTS,
FORMS, MEDIATOR BIOGRAPHIES
AND PHOTOGRAPHS:
**www.sfbar.org/mediation**

adr@sfbar.org or
415-982-1600

## Experienced mediators are available in the following areas

- Business
- Civil Rights
- Commercial
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Family-Certified Specialists
- Fee Disputes
- Financial
- Government
- Insurance
- Intellectual Property
- Intra-Organizational
- Labor
- Landlord/Tenant
- Land Use
- LGBT Issues
- Malpractice: Legal/Medical/Professional
- Partnership Dissolutions
- Personal Injury
- Probate/Trust
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorist
- And more...

QUALITY     EXPERIENCE     TRUST

### WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

### WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

### HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

### HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

### HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

### WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

### HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

### WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

### OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

### WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

### WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

### MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

## WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

**EXHIBIT B**

1    SEYFARTH SHAW LLP
     Catherine M. Dacre (SBN 141988)
2    cdacre@seyfarth.com
     560 Mission Street, 31st Floor
3    San Francisco, CA  94105-2930
     Telephone:     (415) 397-2823
4    Facsimile:     (415) 397-8549

5    SEYFARTH SHAW LLP
     Michael W. Kopp (SBN 206385)
6    mkopp@seyfarth.com
     400 Capitol Mall, Suite 2350
7    Sacramento, California 95814-4428
     Telephone:     (916) 448-0159
8    Facsimile:     (916) 558-4839

9    Attorneys for Defendant
     COLE HAAN COMPANY STORE, LLC,
10   erroneously sued herein as "Cole Haan, LLC"

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     COUNTY OF SAN FRANCISCO

13

14   ALEX CHIN, individually, and on behalf of other        Case No. CGC 16-550794
     members of the general public similarly situated,
15                                                           **DEFENDANT'S ANSWER TO CLASS
                          Plaintiff,                         ACTION COMPLAINT**
16
            v.
17
     COLE HAAN, LLC, an unknown business entity;            Complaint Filed:  3/4/16
18   and DOES 1 through 100 inclusive,

19                        Defendant.

20

21          Defendant Cole Haan Company Store LLC ("Defendant" or "Cole Haan") (incorrectly sued as

22   "Cole Haan, LLC"), answers Plaintiff ALEX CHIN's ("Plaintiff") "Class Action Complaint For

23   Damages" ("Complaint"), as follows:

24                              <u>**GENERAL DENIAL**</u>

25          Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies

26   each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's

27   unverified Complaint, and further denies that Plaintiff has been damaged in the manner or sums alleged,

28   or in any way at all, by reason of any acts or omissions of Defendant.  Defendant further denies,

                                            1
                    DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
     25785876v.1

1   generally and specifically, that Plaintiff has suffered any loss of wages, overtime, penalties,

2   compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this

3   Court.

## SEPARATE AND AFFIRMATIVE DEFENSES

4

5   In further answer to Plaintiff's unverified Complaint, and as separate and distinct defenses,

6   Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

7

### (Failure to State a Claim)

8

9   Plaintiff's Complaint fails to allege facts that state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

10

### (Statute of Limitations)

11

12   As a separate and distinct affirmative defense, Defendant alleges that each and every claim

13   alleged in Plaintiff's Complaint is barred by the applicable statute of limitations, including, but not

14   limited to, Code of Civil Procedure §§ 338(a), 340(a), Labor Code § 203, California Labor Code §

15   1194.2, and California Business and Professions Code § 17208.

## THIRD AFFIRMATIVE DEFENSE

16

### (Unclean Hands)

17

18   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, in whole

19   or in part, are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

20

### (Estoppel)

21

22   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, in whole

23   or in part, are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

24

### (Consent)

25

26   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff consented to,

27   encouraged or voluntarily participated in all actions alleged, and thus his claims are barred by the

28   doctrine of consent.

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

25785876v.1

### SIXTH AFFIRMATIVE DEFENSE

#### (Waiver)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

#### *(Laches)*

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, in whole or in part, are barred by the doctrine of *laches*.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff sustained damages, as alleged in the Complaint, which are denied, such damages were proximately caused by Plaintiff's own failure to mitigate or avoid his damages.

### NINTH AFFIRMATIVE DEFENSE

#### (Good Faith - Waiting Time Penalties)

As a separate and distinct affirmative defense, Plaintiff's claims for waiting time penalties, must be denied because there is a good faith dispute as to whether any wages are due and Defendant did not commit any willful violations.

### TENTH AFFIRMATIVE DEFENSE

#### (Good Faith – Liquidated Damages)

As a separate and distinct affirmative defense, Plaintiff's claims for liquidated damages must be denied because any act or omission allegedly giving rise to Plaintiff's claims was in good faith and Defendant had reasonable grounds for believing that its acts or omissions were not in violation of the Labor Code, so that liquidated damages may not be awarded pursuant to Labor Code § 1194.2(a).

### ELEVENTH AFFIRMATIVE DEFENSE

#### (No Intentional Conduct)

As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, because Defendant's actions were not "knowing" or "intentional" within the meaning of California

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

25785876v.1

1  Labor Code § 226(e).

2  ## TWELFTH AFFIRMATIVE DEFENSE

3  ### (Labor Code § 203)

4  As a separate and distinct affirmative defense, to the extent that Plaintiff was unavailable for

5  payment of wages, he is barred from recovery under the Complaint.

6  ## THIRTEENTH AFFIRMATIVE DEFENSE

7  ### (Settled and Released Putative Class Members)

8  As a separate and distinct affirmative defense, Plaintiff's class allegations are improper to

9  the extent they attempt to include any putative class member or current or former employee who has

10  settled or released his or her claims prior to class certification.

11  ## FOURTEENTH AFFIRMATIVE DEFENSE

12  ### (Failure to State a Class Action)

13  As a separate and distinct affirmative defense, this suit may not be properly maintained as a class

14  action because: (a) Plaintiff cannot establish the necessary elements for class treatment; (b) a class

15  action is not an appropriate method for the fair and efficient adjudication of the class claims described in

16  the Complaint; (c) common issues of fact or law do not predominate, rather, to the contrary, individual

17  issues predominate; (d) Plaintiff's claims are not typical of the claims of the putative group; (e) Plaintiff

18  cannot fairly and adequately represent the interests of the purported class; (f) the named Plaintiff and

19  alleged putative class counsel are not adequate representatives for the alleged putative class; (g) class

20  treatment is neither appropriate nor constitutional under the circumstances in this case; and/or (h) a well-

21  defined community of interest in the questions of law and/or fact affecting Plaintiff and the members of

22  the alleged class does not exist.

23  ## FIFTEENTH AFFIRMATIVE DEFENSE

24  ### (Violation of Due Process – Class or Representative Action)

25  As a separate and distinct affirmative defense, certification of a class and/or allowing this action

26  to proceed with Plaintiff as a class representative, as applied to the facts and circumstances of this case,

27  would constitute a denial of Defendant's due process rights, both substantive and procedural, in

28  violation of the Fourteenth Amendment to the United States Constitution and the Due Process and Equal

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

25785876v.1

1    Protection clauses of the California Constitution.

2    **SIXTEENTH AFFIRMATIVE DEFENSE**

3    **(Set Off)**

4        As a separate and distinct affirmative defense, Defendant is entitled to set off any monies paid or

5    received by Plaintiff to which he is not entitled.

6    **SEVENTEENTH AFFIRMATIVE DEFENSE**

7    **(Lack of Standing)**

8        As a separate and distinct affirmative defense, Plaintiff lacks standing to bring and pursue all or

9    portions of Plaintiff's claims as alleged in his Complaint.

10    **EIGHTEENTH AFFIRMATIVE DEFENSE**

11    **(Payment of Wages)**

12        As a separate and distinct affirmative defense, Plaintiff's claims are barred because Plaintiff has

13    been paid all wages due and owed.

14    **NINETEENTH AFFIRMATIVE DEFENSE**

15    **(*De Minimis*)**

16        As a separate and distinct affirmative defense, Plaintiff's claims are barred in whole or in part

17    because any time for which Defendant did not pay wages was *de minimis* and thus Defendant was not

18    required to pay wages for that time as it is non-compensable as a matter of law.

19    **TWENTIETH AFFIRMATIVE DEFENSE**

20    **(Failure to Exhaust Administrative Remedies)**

21        As a separate and distinct affirmative defense, Plaintiff failed to exhaust administrative remedies

22    as required by California Labor Code § 2699.5 to the extent that Plaintiff seek recovery of civil penalties

23    under the California Labor Code, and as a result any claim for civil penalties is barred.

24    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

25    **(No Attorneys' Fees)**

26        As a separate and distinct affirmative defense, Plaintiff is barred from recovering attorneys' fees

27    because the Complaint fails to state a claim and supporting facts that would enable Plaintiff to recover

28    attorneys' fees and costs.

5

25785876v.1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Interest)

As a separate and distinct affirmative defense, the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Injury – Wage Statements)

As a separate and distinct affirmative defense, Plaintiff's claim for the failure to provide accurate wage statements fails because Plaintiff did not suffer any injury as a result of such alleged failures, to the extent they occurred and Defendant did not knowingly and/or intentionally fail to comply.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Civil Penalties - Excessive Fines)

As a separate and distinct affirmative defense, as applied in this putative class action, imposition of civil penalties would violate the Due Process Clauses of the United States and California Constitution, and  would result in the imposition of excessive fines in violation of Article I, section 17 of the California Constitution and the Eighth Amendment to the United States Constitution, as made applicable to the states under the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

As a separate and distinct affirmative defense, Plaintiff's claims, in whole or in part, are barred because Defendant cannot be liable for any alleged violation of California Business and Professions Code Section 17200, *et seq.* because any such action, conduct, and/or dealings with Plaintiff, if any, were lawful, and were carried out in good faith and for legitimate business and economic considerations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Equitable Remedies)

As a separate and distinct affirmative defense, Plaintiff is not entitled to equitable relief insofar as he lacks standing and has adequate remedies at law and are not entitled to any relief with respect to

6

25785876v.1

1  any and all alleged violations of California Business and Professions Code §§ 17200, *et seq.,* that have

2  discontinued, ceased, and are not likely to recur.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Safe Harbor – Business and Professions Code §§ 17200, *et seq*)

As a separate and distinct affirmative defense, Plaintiff's claims, to the extent they are based on California Business and Professions Code §§ 17200, *et seq.* are barred because the conduct alleged falls within a safe harbor.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Claims for Damages and Penalties Not Permitted §§ 17200, *et seq*)

As a separate and distinct affirmative defense, Plaitniff's claims for damage, penalties, attorneys' fees and any other non-restitution relief under §§ 17200, *et seq.*, are not permitted.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

As a separate and distinct affirmative defense, Plaintiff's claims are barred, in whole or in part, because any recovery by Plaintiff would constitute unjust enrichment.

### OTHER DEFENSES

#### (Unknown Defenses)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses as they may become known in the course of discovery.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by his Complaint;

2.    That Defendant did not damage or harm Plaintiff, or any of the other members of the purported class, in any way;

3.    That Plaintiff is not entitled to any wages, compensation, benefits, penalties, restitution, injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to any act or omission of Defendant;

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

25785876v.1

1    4.    That Plaintiff is not an adequate representative to bring an action under the standards of

2  the California Unfair Competition Law, California Business and Professions Code Section 17200, *et*

3  *seq.*, California Code of Civil Procedure Section 382 and/or Rule 23 of the Federal Rules of Civil

4  Procedure;

5    5.    That the Complaint fails to allege facts sufficient to show that there is a predominance of

6  common questions of law or fact among Plaintiff and/or any other person upon whose behalf Plaintiff

7  purports to act;

8    6.    That the Complaint and each and every cause of action be dismissed in its entirety with

9  prejudice;

10    7.    That judgment be entered in favor of Defendant and against Plaintiff on his entire

11  Complaint and on all causes of action alleged therein;

12    8.    For Defendant's costs and reasonable attorneys' fees; and

13    9.    For such further relief as the Court may deem proper.

14

15  DATED: April 21, 2016                    Respectfully submitted,

16                                           SEYFARTH SHAW LLP

17

18                                           By: _____

19                                                  Cathrine M. Bacre
                                                    Michael W. Kopp
20                                           Attorneys for Defendant
                                             COLE HAAN COMPANY STORE, LLC

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

25785876v.1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2350, Sacramento, California 95814-4428. On April 21, 2016, I cause to be served the within document:

**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT**

☐ I sent such document from facsimile machine (916) 558-4839 on April 21, 2016. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (916) 558-4839 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento, California 95814, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at 400 Capitol Mall, Suite 2350, Sacramento, California, addressed as set forth below.

☐ by personal delivery, by way of Lindsay S. Fitch, Esq., attorney for defendant Costco Wholesale Corporation - during trial proceedings, the document(s) listed above to the person(s) at the address(es) set forth below.

Edwin Aiwazian
Lawyers for Justice, PC
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Telephone: (818) 265-1020
Fax: (818) 265-1021

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 21, 2016, at Sacramento, California.

_Linda Ninelist_
Linda Ninelist

26416706v.1