UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX CHIN,<br><br>          Plaintiff,<br><br>     v.<br><br>COLE HAAN, LLC,<br><br>          Defendant. | Case No. 16-cv-02154-JD<br><br>**ORDER REMANDING CASE**<br>Re: Dkt. No. 8 |

This is a wage-and-hour putative class action that defendant Cole Haan, LLC removed to federal court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). Dkt. No. 1. The case is remanded to the San Francisco Superior Court, where it was filed.

## BACKGROUND

Plaintiff Alex Chin, who is a former Cole Haan employee, moves to remand. Dkt. Nos. 8, 23. The primary jurisdictional dispute between the parties is whether the $5 million amount-in-controversy requirement under CAFA is met in this case. Dkt. Nos. 8, 15, 18. The Court previously ruled that Chin's complaint, which alleges a single cause of action under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), does not seek wage statement or waiting time penalties, and even if it did, those penalties are unavailable under plaintiff's lone UCL claim. Dkt. No. 21. The Court consequently found that Cole Haan had failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum under CAFA, because defendant improperly relied on those penalties to cross the $5 million threshold. *Id*. The Court allowed Cole Haan an opportunity to try to establish that the $5 million minimum is met in this case even without the wage statement and waiting time penalties. Plaintiff was also permitted to file a declaration in response to Cole Haan's supplemental submission. *Id*.

**DISCUSSION**

The Court has now reviewed the additional submissions from both sides, Dkt. Nos. 22, 23, and remands. "When, as here, a defendant's assertion of the amount in controversy is challenged, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014)) (internal quotation marks and ellipses omitted). Cole Haan, as the removing party, bears the burden of proof, as well as the burden of "persuad[ing] the court that the estimate of damages in controversy is a reasonable one." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." *LaCross*, 775 F.3d at 1202 (citing *Ibarra*, 775 F.3d at 1199). In *Ibarra*, another Labor Code violations case, our circuit held that even though the plaintiff had alleged a "pattern and practice" of violations on the employer's part, this did not "necessarily mean *always* doing something." 775 F.3d at 1198-99. The court held that "[b]ecause the complaint does not allege that Manheim universally, on each and every shift, violates labor laws by not giving rest and meal breaks, Manheim bears the burden to show that its estimated amount in controversy [which assumed a 100% violation rate] relied on reasonable assumptions." *Id.* at 1199.

As in *Ibarra*, the complaint here does not allege that Cole Haan violated the labor laws on each and every one of its employees' shifts. At the same time, the complaint does not allege any other specific rate of violation, and instead more generally alleges that defendant "engaged in a uniform policy and systematic scheme of wage abuse" against its employees, and "at all material times" failed to do things like pay overtime wages and provide meal and rest periods as required by law. Dkt. No. 1, Ex. A ¶¶ 25, 38, 40.

In the face of this ambiguity, Cole Haan's supplemental declaration simply sets out a menu of different amount-in-controversy calculations options. For alleged overtime violations, it offers five different sets of calculations, ranging in their respective underlying assumptions from one

hour of unpaid overtime per week per class member, to five hours of unpaid overtime per week per class member. Dkt. No. 22 ¶ 6. For unpaid minimum wages, Cole Haan simply "assum[es] plaintiff is alleging one hour of unpaid minimum wages per week, per putative class member." *Id*. ¶ 7. For meal periods, Cole Haan again supplies five options "[a]ssuming a range of one to five missed meal periods per week, per putative class member." *Id*. ¶ 8. The same is true again for rest periods, with five sets of calculations ranging in assumptions from "one to five missed rest breaks per week, per putative class member." *Id*. ¶ 9. Because of this divergent approach, the estimate of attorneys' fees (at 25% of total liability) also comes in five different options. *Id*. ¶ 11.

Significantly, adding up the lowest possible amounts in each of these categories produces a sum of only $3.49 million, which is obviously below the $5 million minimum under CAFA. Dkt. No. 22 at 4. It appears that even that number may be overstated and unreliable. Although there is some case law support for the proposition that assuming a violation rate of one missed meal break and one missed rest period per workweek is reasonable when a plaintiff alleges a "pattern and practice" of violations and that he himself "regularly" missed meal breaks, *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 912 (N.D. Cal. 2016), the latter type of allegation is missing here. For overtime, Cole Haan assumes a violation rate from one to five hours per week, but fails to explain why any one of these is a reasonable rate or take a stand on which of these five might be the most reasonable. Dkt. No. 22. As a factual matter, plaintiff's declaration refutes the reasonableness of even the lowest violation rate assumed by Cole Haan by stating that his records reflect only 30 minutes to 1 hour of unpaid overtime on one occasion in an 11-month period. Dkt. No. 23 ¶ 7. For unpaid minimum wages, too, Cole Haan assumes without any explanation that plaintiff "is alleging one hour of unpaid minimum wage per week," Dkt. No. 22 ¶ 7, but plaintiff again refutes the reasonableness of this assumption by declaring as a matter of fact that he "generally worked no more than two hours of off-the-clock, straight-time work per month" in the 11-month period between March 2012 and February 2013. Dkt. No. 23 ¶ 6.

Cole Haan's supplemental declaration fails to carry the day for removal even when considered by itself because it pulls various assumptions "from thin air" without explaining any factual bases for the reasonableness of those assumptions. *Ibarra*, 775 F.3d at 1199. Its failings

3

1  are magnified when weighed against plaintiff's counter-declaration.  Consequently, Cole Haan has
2  failed to meet its burden of proving by a preponderance of the evidence that the $5 million
3  amount-in-controversy requirement under CAFA is satisfied here.  *Cf. LaCross*, 775 F.3d at 1203
4  ($5 million requirement met where even the most conservative estimate of amount in controversy
5  was $21 million).  Cole Haan has implicitly conceded that remand is the right outcome by stating
6  its view that $3.49 million is a reasonable, if conservative, estimate of the amount in controversy
7  in this case.  Dkt. No. 22 at 4.

## CONCLUSION

The case is remanded to the California Superior Court for the City and County of San Francisco pursuant to 28 U.S.C. § 1447(c).  Plaintiff's request for an award of attorneys' fees under that section is denied as the Court does not find that defendant lacked an objectively reasonable basis for seeking removal.

The case is closed.

**IT IS SO ORDERED.**

Dated:  December 13, 2016

JAMES DONATO
United States District Judge